Derbigny, J.
delivered the opinion, of the Court*. The only question in this case is whether a sale of all the right, title and interest of the debtor in the property sold, is a sale of his interest in the thing, exclusive of the mortgages which may exist On it; or in other words, if the price of such a sale, or any balance remaining on it after satisfaction of the debt on which the execution is levied, is to be paid to the debtor, clear of any mortgage, which may incumber the property.
. When the Sheriff puts up property for sale, he certainly sells it, as the owner would, subject to *576 any incumbrance ; but fie sells for a fixed price the whole property. If that price is less than the amount of the incumbrances, the buyer is exposed to pay, besides the price, the balance which may be c|ue to t|je mortgage creditors. But, a sale of a tract of land, for a sum of so much, can never be * constrüed to mean a sale for that sum and the amount of the hypothecary debts besides. Such a sale cannot take place without express stipulations to that effect; and a public officer, executing a judicial sale, has no right to enter into conditions and stipulations. He must sell the property' seiz-» ed for a fixed sum, and not a fixed sum and something more.
Here the officer has strictly pursued the directions of the law. The title which he has given is in the form prescribed. He has sold to theappel-» lee the tract of land exposed for,sale and has, in the words of the law, transferred to him all the right, tide and interest of the debtor therein.
The circumstance of the mortgage creditor, having in this case bought the property himself, does not alter the nature of the contract. He has a right to retain the amount of his mortgage out of the price of the thing bought.
It is, therefore, adjudged and decreed, that the Judgment of the District Court be affirmed.

Martin, J. did not join in this opinion, having been of counsel in the cause.